FILED
SUPERIOR COURT
OF GUAM

2021 FEB 24 PM 3:55

CLERK OF COURT

By:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0237-19** |
| | GPD Report Nos. 18-31284 / 19-11117 / |
| **v.** | 19-11127 / 19-11179 |
| CHRIS JUNIOR ANDERSON TEDTAOTAO, | **DECISION AND ORDER** |
| DOB: 03/07/1992 or 09/07/1992 | **DENYING DEFENDANT'S** |
| | **MOTION TO DISMISS** |
| Defendant. | **WITH PREJUDICE FOR VIOLATION OF** |
| | **HIS RIGHT TO SPEEDY TRIAL** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 8, 2021 for hearing on Defendant Chris Junior Anderson Tedtaotao's ("Defendant's") Motion to Dismiss With Prejudice For Violation of His Right to Speedy Trial ("Motion"). Assistant Attorney General Sean Brown represents the People, and Assistant Alternate Public Defender Heather Zona represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

In April 2019, Defendant was charged with two (2) counts of Second-Degree Robbery (as a 2nd Degree Felony) with a Special Allegation of Use of a Deadly Weapon, one (1) count of Burglary to a Motor Vehicle (as a 2nd Degree Felony), and one (1) count of Theft by Receiving (as a 2nd Degree Felony). Indictment (Apr. 29, 2019). According to discovery, Defendant, William Yamnag, and Xavier Tedtaotao ("Xavier") were involved in robbing two individuals at gunpoint. Motion at 2. Defendant initially waived his right to a speedy trial. Id. at 2.

On March 16, 2020, the Guam Supreme Court postponed all criminal trials due to the COVID-19 pandemic. Administrative Order 20-210. The Guam Supreme Court then tolled the

Decision and Order Denying Defendant's Motion to Dismiss
With Prejudice For Violation of His Right to Speedy Trial
CF0237-19, *People of Guam v. Chris Tedtaotao*
Page 1 of 6

statutory speedy trial period, excluding any additional time created by the postponements from speedy trial computations. See Administrative Order 20-214; Administrative Order 20-220.

On August 3, 2020, Defendant asserted his right to speedy trial. Motion at 2.

On August 14, the Guam Supreme Court extended its previous order postponing jury trials and new grand jury empanelments, recognizing a recent spike in the number of COVID-19 cases on Guam. Administrative Order 20-392. The Guam Supreme Court continued tolling all time periods involving speedy trial procedures, extending them from kicking in until February 28, 2021. Administrative Order 20-414.

On December 23, 2020 Defendant filed his Motion to Dismiss With Prejudice For Violation of His Right to Speedy Trial. Defendant claims that he was prejudiced by the delay because Xavier died in November 2020. Motion at 3. Defendant claims that Xavier's testimony would have exonerated him. Id. at 3.

The People filed their Opposition to Defendant's Motion to Dismiss ("People's Opposition") on December 28, 2020. The People argued that the delay was justified. People's Opposition at 4.

Defendant filed his Reply Brief In Support of His Motion to Dismiss With Prejudice for Violation of His Right to Speedy Trial ("Defendant's Reply") on January 7, 2021.

The Court held a hearing on January 8, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

A criminal defendant has a constitutional right to a speedy trial under both the Guam Bill of Rights, 48 U.S.C. § 1421b(g), and the United States Constitution, U.S. Const. art. VI. A defendant's constitutional speedy trial rights are invoked upon the initiation of criminal proceedings; either the arrest of the defendant or the filing of an accusatory pleading against him, whichever occurs first, serves to initiate the proceeding. *Doggett v. United States*, 505 U.S. 647, 651-652 (1992).

The speedy trial guarantee is intended to minimize 1) deprivation of liberty while a defendant is awaiting trial and is either incarcerated or out on bail; 2) anxiety and disruption of life due to unresolved criminal charges; 3) impairment of the accused's ability to present an effective

Decision and Order Denying Defendant's Motion to Dismiss
With Prejudice For Violation of His Right to Speedy Trial
CF0237-19, *People of Guam v. Chris Tedtaotao*
Page 2 of 6

defense; and 4) opportunities for dangerous defendants on pre-trial release to commit additional crimes before rehabilitation. *Barker v. Wingo*, 407 U.S. 514, 519-520 (1972).

The "only possible remedy" for violation of the speedy trial right is dismissal with prejudice. Id. at 522.

## I. Defendant Alleges Some Prejudice Stemming From His Trial Delay, and Therefore the Court Must Apply the Balancing Test Set Forth in *Barker v. Wingo*.

A defendant seeking dismissal based on violation of his speedy trial rights must first allege some presumptive prejudice suffered due to the delay. *Doggett*, 505 U.S. 647 at 651. The Supreme Court has not defined precise time intervals or a "bright line" test to determine when a delay is presumptively prejudicial. *Barker*, 407 U.S. 514 at 523. Moreover, whether a delay is *presumptively* prejudicial does not determine whether a delay is *actually* prejudicial. Thus any prejudice requires an individual analysis and is based on the "peculiar facts and circumstances of each case." *People v. Flores*, 2009 Guam 22 ¶ 41.

Here, Defendants case was pending for roughly 1.5 years when he exercised his right to a speedy trial. Upon exercising this right on August 3, 2020, a trial was set for January 19, 2021. However, a key witness to Defendant's defense passed away in November 2020. Motion at 5. Had the Court held Defendant's trial at an earlier date, Defendant would have been able to present a more complete defense. Therefore, this period of delay was *actually* prejudicial. Consequentially, the *Barker v. Wingo* balancing test should apply. *Doggett*, 505 U.S. 647 at 652.

## II. The *Barker v. Wingo* Factors Do Not Support Dismissal of This Case.

Courts use the balancing test articulated in *Barker v. Wingo* when determining whether an *actually* prejudicial delay in prosecution warrants dismissal. *Barker*, 407 U.S. 514 at 530. Under this four-factor balancing test, the court considers: [a] the length of the delay; [b] the reason for the delay; [c] the defendant's assertion or non-assertion of the right to a speedy trial; and [d] the prejudice to the defendant resulting from the delay. Id. at 530. No one factor is controlling and all factors "must be considered together" when determining whether Defendant's speedy trial right has been denied. Id. at 533. The prosecution bears

Decision and Order Denying Defendant's Motion to Dismiss
With Prejudice For Violation of His Right to Speedy Trial
CF0237-19, *People of Guam v. Chris Tedtaotao*
Page 3 of 6

the burden of justifying any pretrial delays. *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003).

### a. The delay here was substantial.

Typically, the Court will dismiss criminal actions for reasons of time if an incarcerated defendant's trial has not commenced within 45 days of his arraignment. 8 G.C.A. § 80.60(a)(2). However, a defendant's waiver of their speedy trial right tolls the speedy trial clock. *People v. Guerrero*, 2017 Guam 5 ¶ 15. Furthermore, a reassertion of right to a speedy trial will restart the count on the date of the filing of the written notice of reassertion. Id. at ¶ 4.

Here, Defendant initially waived his right to speedy trial on May 1, 2019. Assertion of Waiver of Speedy Trial and Request for Jury of Twelve in Felony Case ("Waiver") (May 1, 2019). This waiver tolled the speedy trial clock. Id. However, Defendant reasserted his right to speedy trial, while incarcerated, on August 3, 2020. Motion at 5. Defendant's trial still has not happened 158 days after he reasserted this right. This is well above the 45-day period laid out in G.C.A. § 80.60, and thus constitutes a substantial delay.

### b. The reason for the delay is justified.

The prosecution bears the burden of both explaining and justifying any pretrial delays exceeding the permissible period of orderly trial preparation. *McNeely*, 336 F.3d 822 at 826. See also *Chance v. State*, 414 A.2d 535, 537 (Md. 1980).

The roughly 1.5 year delay between Defendant's original arrest and his assertion of the speedy trial right was justified, as Defendant initially waived his right to speedy trial. Waiver (May 1, 2019). As previously stated, a defendant's waiver of their speedy trial right tolls the speedy trial clock and this period of delay needs no further justification. *Guerrero*, 2017 Guam 5 ¶ 15.

The prosecution has also met their burden concerning the 158-day period following Defendant's assertion of his right to speedy trial. In response to the once-in-a-century pandemic that struck Guam, the Guam Supreme Court postponed all jury trials

Decision and Order Denying Defendant's Motion to Dismiss
With Prejudice For Violation of His Right to Speedy Trial
CF0237-19, *People of Guam v. Chris Tedtaotao*
Page 4 of 6

and new grand jury empanelments. Administrative Order 20-392. The Guam Supreme Court ordered that all delays caused by this decision be tolled from counting towards speedy trial computations. Administrative Order 20-414. This delay was necessary to protect the health and safety of attorneys, court employees, potential jurors, and criminal defendants such as Mr. Tedtaotao. While the prosecution delayed bringing Defendant's case to trial, this was done in compliance with orders set forth by the Judiciary of Guam. The People gave adequate justification for their delay, and the prosecution has continued to diligently further this matter as best they can despite the external circumstances that necessitated the delay.

c. **Defendant asserted his right to a speedy trial.**

Factor three weighs in favor of Defendant as he asserted his right to speedy trial on August 3, 2020. Motion at 9. The delay in trial happened after Defendant asserted this right.

d. **The delay was prejudicial.**

Prejudice stemming from delays can take many forms, including impairing the presentation of a defense. *Moore v. Arizona*, 414 U.S. 25, 26-27 (1973). Defendant asserts that a key witness, Xavier, is no longer alive to testify at trial. Motion at 10. Although we can't be sure what Xavier's testimony (if any) would have revealed, some degree of prejudice is obvious if witnesses die during a delay. See *Barker*, 407 U.S. 514 at 532.

While three of the *Barker* factors weigh in favor of defendant's request for dismissal of the pending charges, all four factors "must be considered together with other such circumstances as may be relevant." *Barker*, 407 U.S. 514 at 533. The totality of the circumstances indicates the delay was a necessary response to the unprecedented pandemic that hit Guam. The delay was not caused by overcrowded court dockets or understaffed prosecutors as Defendant's Motion suggests. Rather, it was done to protect the health of the Defendant. As such, this situation does not warrant dismissing the indictment against Defendant.

Decision and Order Denying Defendant's Motion to Dismiss
With Prejudice For Violation of His Right to Speedy Trial
CF0237-19, *People of Guam v. Chris Tedtaotao*
Page 5 of 6

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The indictment against Defendant will not be dismissed.

**IT IS SO ORDERED** this _Feb. 24, 2021_.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG; APD
_____
Date: 2/24/21 Time: 4:15
_____
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Dismiss
With Prejudice For Violation of His Right to Speedy Trial
CF0237-19, *People of Guam v. Chris Tedtaotao*
Page **6** of **6**